## STEWART v. CORBIN.

1. **Tax sale:** OF TRACTS GREATER THAN FORTY ACRES. The case of *Corbin* v. *DeWolf* (*ante*, p. 124), holding that tracts greater than forty acres may be sold without division if so assessed, followed in the present one.

Stewart v. Corbin.

2. —— DISTRESS OF PERSONAL PROPERTY: CONCLUSIVENESS OF DEED. A tax-deed is conclusive that the treasurer complied with his duty in endeavoring to collect the tax by distress and sale of the personal property of the delinquent tax payer, before selling the real estate.

3. —— HOMESTEAD: STATUTE CONSTRUED. A sale of a tract of land —a part of which constitutes the homestead of the delinquent tax payer, is, under section 766 of the Revision, void *in toto*. Nor is this rule changed by section 9 of chapter 173, of the act of 1862, as to cases where that act took effect after the taxes were levied and assessed, though before the sale. Following *Penn.* v. *Clemens*, 19 Iowa, 372.

*Appeal from Muscatine District Court.*

TUESDAY, JUNE 23.

PETITION in equity, in which plaintiff alleges that he is the owner of a certain eighty acre tract of land; that defendant claims or sets up prior title to the same, under a purchase at a tax-sale, and asking that this title be declared null and void and plaintiff's quieted, etc.

On the hearing the bill was dismissed, and plaintiff appeals.

*Cloud & Broomhall* for the appellant.

*Brown & Sully* for the appellee.

WRIGHT, J. — I. The objection that the court below erred in suppressing certain depositions, is met by the remark, that it nowhere appears that any such order was made. There was a motion to this effect made, but what action was taken on it is not stated in the record.

II. It is insisted, that the deed under which defendant claims is void, and should have been so held, because it

1. TAX-SALE: of tract greater than forty acres. shows upon its face that two congressional subdivisions, or two forty acre tracts, were sold together. That the objection is not ten-

Stewart v. Corbin.

able has been expressly held at the present term (*Corbin v. De Wolf, ante*, p. 124).

III. Defendant claimed, under tax-sale made December 6, 1862, for delinquent taxes for the years 1859, 1860 and 1861. The treasurer's deed bears date February 14, 1866. It is objected that no demand was made for these taxes, nor was any deputy collector appointed to collect by distress and sale of personal property, as provided by the act of 1862 (p. 227, § 17). This provides, that, immediately after the taxes become delinquent, the treasurer shall proceed to collect the same by distress and sale of the personal property of the delinquent tax payer, in the manner prescribed in sections 757 and 758 of the Revision ; and for this purpose he shall, within thirty days after the taxes become delinquent, appoint one or more deputies to aid and assist therein.

By comparing this section with those of the Revision to which it refers, it will be found to differ only in the provisions giving power to appoint deputies. The duty to collect delinquent tax by distress and sale of personal property, is as clearly and expressly enjoined by the revenue act of the Revision (the general act), as by the section under consideration. And when we turn to section 784, we find that a failure on the part of the treasurer to make this distress will not have the effect of defeating the title of the purchaser under the tax sale.

This deed is, by the terms of this section, made conclusive evidence that the treasurer complied with his duty in this respect. And, therefore, though plaintiff may have had personal property amply sufficient to pay such taxes, and though the treasurer did not discharge his duty in collecting the same by first selling real property, this would not invalidate or affect the title to the land. Such evidence would not show that the property

*margin note:* 2. —— distress of personal property: conclusiveness of deed.

was not subject to taxation, nor that the taxes were not paid, nor that there had been redemption. See *Allen* v. *Armstrong*, 16 Iowa, 508.

This view renders it unnecessary to consider the effect of the act of 1862 upon taxes due before that time. Nor need we consider the effect of the act of 1861 (special session, ch. 24, approved May 29, 1861).

IV. Forty acres of the tract sold constituted at the time of the sale, as it had for years previous, plaintiff's homestead. And now it is claimed that the sale is void as to this, and hence as to the entire tract. The argument is this: By section 766 of the Revision it is declared that, "the homestead is liable to be sold for no tax save that which is due on itself exclusively." (Then follow provisions as to the manner of setting apart the homestead when it constitutes part of the tract sold and is not yet ascertained.) Standing upon the proposition, that, where part of the land sold is liable to tax and the residue not, the sale is void as to all, plaintiff says there was no power to sell the homestead tract for any tax save that which was due upon it exclusively, and hence the sale is void *in toto*. Or by analogy the proposition is, that there can be no severance in the case of an illegal tax; that there can be no such thing as upholding a sale where a part of the tax is illegal, *pro rata*, but that it all falls to the ground.

3. ——
homestead:
statute
construed.

To this view appellee interposes two objections. The first is, that the statute (§ 714) makes it the duty of the owner to assist the assessor in listing his property, and that he should assess his homestead separately, — failing to do which, it may be sold like any other property.

In view of the many provisions of the statute carefully guarding and protecting the homestead, we would be unwilling to give this forced meaning to this section. To do no more, we refer to the fact, that if both husband

and wife fail to select, mark out and plat their homestead, it is still not liable to execution, but the officer is to cause the same to be marked off, etc. (§ 2286). Then, too, the express declaration of the same chapter (§ 2280, to which we may again refer), that the homestead is liable for taxes accruing exclusively thereon, and the whole or a sufficient portion thereof may be sold to pay the same, certainly tends strongly to show that the appellee's theory cannot be maintained.

The argument, however, upon which most reliance is placed, is, that so much of section 766, above referred to, as relates to the homestead, was repealed by section 9 of the act of 1862 (ch. 173, p. 225), and which took effect after the taxes were levied—after all were delinquent, but before the sale. This section provides for the repeal of so much of section 766 as relates to the homestead, and in lieu thereof enacts that, "In all cases where the homestead is listed separately as a homestead, it shall be liable only for the taxes thereon." To this proposition appellant responds that when the property was assessed and the taxes levied, the law did not require that the homestead should be listed separately, but that it was only liable for its proper tax in any event however listed, and that a change in the law could not effect the rights which became fixed by it. And that this latter view has the express sanction of this court, will be seen by reference to *Penn* v. *Clemans* (19 Iowa, 372). Following the doctrine there announced (as I do with no little doubt as applied to this question, and yet preferring in matters relating to real property to stand by decisions for the sake of certainty, if nothing more), it follows that this sale was void, and that the court erred in dismissing plaintiff's bill. We may remark that this ruling finds support in the case of *Adams* v. *Beal* (id. 61), and would seem to be strongly sustained by section 2280, which is

not referred to in the repealing act, and which, by implication at least, provides that the homestead is not liable except for such taxes as accrued upon it exclusively. Nor is the case of *Burton* v. *Hintrager* (18 id. 348) in the least in conflict with this holding.