## W. B. WRIGHT v. JOHN STRAUB.

(Case No. 4716.)

1. CONSTITUTION OF 1876 — HOMESTEAD.— A lot occupied by the head of a family as a place of business is part of his homestead, under the constitution which took effect April 18, 1876, and continues to be such as long as it is so occupied; it was otherwise prior to 1876.
2. TAX SALES.— The homestead is exempt from forced sale for taxes, except such as are assessed against the homestead itself, and a sale of it for other taxes as well as those assessed against it,is inhibited by the constitution.
3. JUDGMENT LIEN — PRECEDENCE — EXISTING RIGHTS.— A judgment lien takes precedence of a subsequently acquired homestead right. It was not the intention of the convention, in extending homestead exemption, to divest or interfere with previously existing rights. Even if such an intention had been clearly declared by that body, the supreme court of the United States has held that an existing judgment lien is such a vested right as is beyond the power of a state constitutional convention to divest or destroy.

APPEAL from Lamar. Tried below before the Hon. R. R. Gaines.

On June 30, 1880, Wright brought this action of trespass to try title, against Straub, to recover the lot described in the petition.

Straub answered by general demurrer, general denial, and not guilty.

Upon the trial Wright relied upon titles. 1st. Derived through a sale of the lot by the collector of Lamar county for taxes, due upon that and other lands, assessed for the year 1876; sale made June 15, 1877. 2d. Through a deed of trust from Matthieson to McDonald, dated June 23, 1875, and filed for record June 30, 1875.

Straub, as tenant of the City Bank of Sherman, claimed through a judgment in favor of the bank and against Campbell and Matthieson, rendered by the district court of Grayson county, and a certified copy thereof, duly registered in Lamar county June 23, 1875.

The cause was tried without a jury and judgment rendered in favor of Straub, from which this appeal was taken.

The points relied upon for a reversal were: 1st. That the court erred in holding the tax title invalid. 2d. That the court erred in holding that the title derived through the deed of trust to McDonald was not a superior title.

*W. B. & G. G. Wright* and *Dudley & McDonald*, for appellant, on the proposition that the tax sale was valid, cited: Art. 8, title Taxation and Revenue, State Constitution, secs. 11, 12, 13 and 14; Acts of Session of Fifteenth Legislature, p. 259 and p. 262, secs. 14, 15, 16, 17, 18, 19 and 20, and sec. 22, p. 280, of "An act defining the mode of listing property."

On the proposition that the property was not subject to forced sale, they cited: Pryor *v.* Stone, 19 Tex., 371; Iken *v.* Olenick, 42 Tex., 195; State Const., art. 16, secs. 50 and 51; Miller *v.* Menke, 56 Tex., 539.

On the proposition that the provisions of a constitution or a statute may take away or retroactively impair a judgment lien, they cited: Cooley's Const. Lim., 4th ed., pp. 54 and 351, and note; New Orleans *v.* Holmes, 13 La. An., 502; Iverson *v.* Shorter, 9 Ala., 713; Beck *v.* Burnett, 22 Ala., 822; Daily *v.* Burke, 28 Ala., 328; Curry *v.* Sanders, 35 Ala., 280; Livingston *v.* Moore, 7 Pet., 469; Bank *v.* Longworth, 1 McL., 35.

*Hale & Scott* and *B. J. Baldwin, Jr.*, for appellee, on the proposition that the tax sale was not valid, cited: Const. 1876, art. 8, sec. 13; R. S., arts. 4746, 4751, 4752, 4754, 4755, 4756; Const. 1869, art. 12, secs. 19, 22; Clegg *v.* State, 42 Tex., 605; State *v.* Baker, 49 Tex., 763; Robson *v.* Osborn, 13 Tex., 307; Yenda *v.* Wheeler, 9 Tex., 417; Blackwell on Tax Titles, pp. 74, 75, 76, 80, 88, 89, 93, 94, 301, 310, 311, 313, 314; Jackson *v.* Shepherd, 7 Cow., reported in 17 Am. Dec., 502; Garrett *v.* Wiggins, 1 Scam., reported in 30 Am. Dec., 623 and note; Abbott's Trial Ev., 703, and authorities there cited.

That neither the provisions of a constitution nor a statute can impair an existing judgment lien, they cited: Baird *v.* Trice, 51 Tex., 556; Thorn *v.* Dill, 56 Tex., 147; Grace *v.* Wade, 45 Tex., 523; Cavanaugh *v.* Peterson, 47 Tex., 198; Frazer *v.* Thatcher, 49 Tex., 30; Taul *v.* Epperson, 38 Tex., 492.

WATTS, J. COM. APP.— Matthieson, a married man, and the head of a family, was, at the time the constitution took effect, April 18, 1876, occupying the lot in controversy as a place of business, and continued to so occupy it until the house was destroyed by fire, Sep-

tember, 1877. Therefore it became part of his homestead April 18, 1876, and so continued as long as he occupied it as a place to exercise his calling or business. Miller v. Menke, 56 Tex., 539.

During the time the lot was clothed with the homestead quality it was sold by the collector for the tax assessed against Matthieson, and also his wife, for the year 1876. This tax for which the lot was sold was assessed upon various tracts of land, including the lot in controversy.

Our constitution protects the homestead from forced sale for taxes, except such as may be assessed against it. Const., art. 16, sec. 50; Lufkin v. Galveston, 58 Tex., 545.

This sale of the homestead, although made to pay in part the taxes assessed thereon, also was made to pay taxes assessed upon other property, and must be considered as inhibited by the constitution. Penn v. Clemans, 19 Ia., 372; Stewart v. Corbin, 25 Ia., 144.

According to the principle declared in Iken v. Olenick, 42 Tex., 196, the lot, though occupied by Matthieson as a place of business, did not constitute a part of his homestead prior to the adoption of the present constitution.

It appears that the certified copy of the judgment of the district court of Grayson county, in favor of the City Bank of Sherman, and against Campbell and Matthieson, was duly recorded in Lamar county, where the lot is situated, on the 23d day of June, 1875, and that executions had been regularly issued thereon, and that the sheriff's sale of the lot was made August 7, 1877.

Evidently the judgment lien attached to the lot at the time the certified copy was recorded, and continued as a subsisting lien until the sale, unless destroyed by the adoption of our present constitution.

It seems to be settled in this state that a judgment lien takes precedence of a subsequently acquired homestead right. Gage v. Neblett, 57 Tex., 374.

Obviously it was not the intention of the convention, in extending the homestead exemption, to divest or interfere with previously existing rights. Const., art. 16, sec. 18.

But if it had been the intention of the convention to divest or destroy previously existing judgment liens, in extending the exemption, and it had been so declared, still it has been held by the supreme court of the United States that an existing judgment lien is such a vested right as is beyond the power of a constitutional convention to divest or destroy. Gunn v. Barry, 15 Wall., 610; Edwards v. Kearzey, 6 Otto, 607.

Then, as the lien of the judgment attached to the lot at the time

the certified copy was recorded, and continued a subsisting lien until the sheriff's sale, there is no doubt but that the title vested in the City Bank of Sherman by virtue of the sale and sheriff's deed.

Now, as against that title, appellant secured no right through the trust deed to McDonald, for the reason that the trust deed was not filed for record for several days after the certified copy of the judgment had been duly registered.

Our conclusion is that the judgment ought to be affirmed.

JUDGMENT AFFIRMED.

[Opinion adopted April 24, 1885.]