AMICABLE LIFE INS. CO. v. SLOVAK et ux. (No. 6122.)

(Court of Civil Appeals of Texas. Austin. Nov. 19, 1919. Rehearing Denied Jan. 7, 1920.)

1. ESTATES 🟰10(1)—MERGERS NOT FAVORED.

Mergers are not favored in equity.

2. MORTGAGES 🟰319(1)—BURDEN OF PROVING THAT INDEBTEDNESS SECURED BY FIRST MORTGAGE HAS NOT BEEN MERGED IN SECOND MORTGAGE ON PARTY CLAIMING UNDER FIRST MORTGAGE.

Defendant mortgagee, who included in his loan money wherewith to discharge indebtedness secured by first mortgage, and who claimed as purchaser at sale under first mortgage, which was transferred to him, had burden of proving that it was the intention of the parties that there was to be no merger of debts and securities, or that there was some equitable ground requiring them to be kept separate for his protection.

3. HOMESTEADS 🟰115(2)—DEED OF TRUST ILLEGAL AS TO LOAN NOT REPRESENTING PURCHASE MONEY.

Under Const. art. 16, § 50, deed of trust of homestead was illegal and void as to portion of loan not representing purchase money.

4. HOMESTEAD 🟰128—PURCHASER WITH NOTICE OF ILLEGALITY OF DEED OF TRUST RECEIVES NO TITLE.

Purchaser under deed of trust with full notice of homestead rights in such land, and that owner had brought suit to have deed of trust declared void, because given on homestead, received no title.

---

🟰 For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

5. HOMESTEAD ⬤⇒128—NO TITLE ACQUIRED BY
PURCHASER UNDER DEED OF TRUST WITH NO-
TICE THAT LAND WAS HOMESTEAD.

Where part of indebtedness secured by deed
of trust on homestead represented purchase
price, and where prior to sale under deed of
trust owner had commenced action to have deed
of trust declared void, because not constituting
a valid lien on homestead, and had offered to
pay lender that portion of loan representing
purchase price, and where court in its judgment
required owner to pay such portion of indebted-
ness to lender, and ordered sale of land to en-
force payment upon owner's default, court did
not err in holding that sale under such deed of
trust conveyed no title to lender.

Appeal from District Court, McLennan
County; H. M. Richey, Judge.

Action by Anton Slovak and wife against
the Amicable Life Insurance Company.
Judgment for plaintiffs, and defendant ap-
peals. Affirmed.

Scott & Ross, of Waco, for appellant.
E. C. Street, of Waco, for appellees.

### Findings of Fact.

BRADY, J. Anton Slovak and his wife
owned two tracts of land in McLennan coun-
ty, Tex., their homestead. They purchased
the land partly on credit, and as a part of
the purchase price gave their vendor's lien
notes in the sum of $2,500. Being unable to
pay these notes at maturity, they executed
and delivered to the Colonial & United States
Mortgage Company, Limited, a vendor's lien
note for $2,500, maturing February 1, 1917,
bearing 8 per cent. interest. This note rep-
resented the unpaid purchase money, and
was secured by deed of trust executed and
delivered to the mortgage company, with one
Harrison Holt, as trustee, with power of
sale. On December 31, 1915, Slovak and wife
executed and delivered to A. R. Roberts,
trustee, a deed of trust with power of sale
to secure the payment of a note executed and
delivered by them to the Amicable Life In-
surance Company, in the sum of $6,000; the
deed of trust being upon the land in contro-
versy. A part of the indebtedness evidenced
by the note for $6,000 was the original un-
paid purchase money of the land, which, ac-
cording to the agreement and understanding
of the parties, was paid by the Amicable Life
Insurance Company to the mortgage com-
pany, out of the proceeds of the $6,000 loan.
The mortgage company transferred to the
life insurance company the $2,500 note and
the deed of trust lien securing the same.

On May 30, 1916, Slovak and wife filed in
the district court of McLennan county their
original petition against Amicable Life Insur-
ance Company, alleging the execution and
delivery of the $6,000 note and deed of trust,
and averring that the land described in the
deed of trust constituted and was in fact
their homestead; that the deed of trust was
void and constituted a cloud upon the title
to their homestead; and praying for cancel-
lation of the deed of trust and for removal
of the cloud. To this petition appellant an-
swered by general demurrer and general de-
nial.

On September 18, 1918, appellees filed their
amended petition, alleging the homestead
right, the execution and delivery of the deed
of trust to Harrison Holt, trustee, and the
execution and delivery of the deed of trust
to A. R. Roberts, trustee, for appellant, but
alleging that it was the understanding and
agreement of the parties that the security
held by Harrison Holt, as trustee, was merg-
ed and vested in the security in the deed of
trust delivered to Roberts, trustee, and that
the power of sale theretofore vested in Holt
should thereafter be vested in and exercised
only by Roberts. It was further alleged that
the interest on the indebtedness was paid
up to December 31, 1915, and that the lien
in the deed of trust to Roberts, trustee, was
ineffectual and not binding upon the proper-
ty, except to secure the unpaid portion of the
purchase money represented by the $2,500
note, because the property was the home-
stead of appellees; that it became the duty
of Roberts, trustee, to protect and save ap-
pellees harmless from the original lien for
the unpaid purchase money under the power
of sale theretofore vested in Holt as trustee;
that in violation of this obligation and agree-
ment appellant, through a substitute trustee,
under the deed of trust to the mortgage com-
pany, caused the land to be advertised for
sale, and on February ——, 1917, the substi-
tute trustee sold the property at public out-
cry, and appellant became the purchaser at
the sale; that the appellees were not advised
as to such sale; and they prayed for ascer-
tainment by the court of the amount due for
unpaid purchase money on the homestead,
and that they be allowed to pay such indebt-
edness, and that all liens and conveyances
be declared null and void.

Appellant answered this pleading by gener-
al demurrer and general denial, and especial-
ly alleged that, appellees having defaulted in
the payment of interest on the $2,500 note,
it, the legal owner and transferee of the
note, elected to declare the entire note due;
that at the sale by the substitute trustee
appellant became the purchaser of the prop-
erty for the sum of $2,500; and that the
trustee conveyed the land to appellant. This
sale was agreed by the parties to have been
regular in every respect. It was further al-
leged that the deed of trust securing the $6,-
000 note gave the holder of the obligation the
right to declare the debt due in the event of
default in the payment of interest install-

ments; that appellees defaulted in the payment of interest due November 1, 1916, and November 1, 1917; that appellant elected to exercise its option to declare the entire debt due, and, at its request, A. R. Roberts, trustee, proceeded to sell the property at trustee's sale, and appellant purchased the land for the sum of $1,000, and received a trustee's deed on August 17, 1918. This sale was also agreed to have been regular in every respect. Appellant pleaded title to the land by virtue of the two trustee's sales, and prayed for removal of cloud from its title.

The court rendered judgment for appellees, decreeing the sales under the two deeds of trust to be void, but required appellees to pay to the appellant the amount of the original $2,500 vendor's lien note, with interest thereon, and decreeing foreclosure of the vendor's lien upon the land, and a personal judgment against appellee Anton Slovak for the sum of $8,041.51, which amount included the principal and interest of the original vendor's lien note.

Accompanying the application to appellant for the loan of $6,000, appellees made a designation of their homestead, other than the property in controversy. The application was for a loan of $8,000, but the inspector representing appellant recommended a loan of $6,000, and valued the land at $14,000. The deed of trust securing this loan was silent as to the original $2,500 note to the mortgage company; but it was agreed that out of the $6,000 loan appellant paid the mortgage company the principal and interest, and a small bonus on said note, and took over the same and the lien securing it, by transfer and delivery without recourse.

At the sale under the second deed of trust by Roberts, trustee, appellees, through their attorney, notified the purchasers that the property was their homestead; they were given an opportunity to pay off the debt, but did not avail themselves of the opportunity. It was agreed on the trial that appellant had no knowledge of the fact that appellees resided on the property at the time of the making of the loan, or previously; that, when the inspector went upon the premises, neither of the appellees was on the same, but that the inspector was accompanied by John Slovak, a son of appellee Anton Slovak; that appellant made no further effort to ascertain whether appellees were living on the place or not. Appellees are Bohemians, and cannot talk nor write the English language, and they never owned the property designated as their homestead in the application for the loan by appellant, and did not understand that they were making such statement.

### Opinion.

The proper solution of just two questions is thought to be determinative of this appeal:

First. Whether the sale made under the first trust deed was void, because the debt and liens securing the same were merged into the $6,000 note and deed of trust; the latter note and deed of trust having included, as a part of the loan, the prior debt which appellant was by agreement obligated to pay.

Second. Was the sale under the second deed of trust void, because the deed of trust and the sale thereunder was for a sum in excess of the amount necessary to pay valid liens on the homestead?

We will consider these questions in order. In 27 Cyc. 1413, this rule is announced:

"The execution of a new mortgage on the same property to secure the same debt covered by the old mortgage will release and discharge it, if intended by the parties to operate as a payment or satisfaction, or to cancel the one security and substitute the other, unless there are equitable circumstances entitling the mortgagee to claim the benefits of his earlier security."

[1] In equity mergers are not favored, and the question as to whether a merger has been effected depends upon the intention of the parties and the circumstances, and whether justice requires that they should be kept separate. In Henningsmeyer v. First State Bank, 192 S. W. 290, it was said:

"Mergers are not favored in equity. It has also been held that while it is the general rule that, where the title to the land and the mortgage become vested in the same person, the mortgage is merged in the title and becomes extinguished, yet the mortgage may be kept alive for the protection of the purchaser of the title, and there will be no merger contrary to the intention of the parties."

It is expressly recognized that, where equitable grounds exist, equity will keep alive the original mortgage to protect the second mortgagee, where he has advanced money to pay off a valid prior lien on homestead property; but this is an equitable right and lien to be enforced in a court of equity. Under our blended system of legal and equitable powers, this right may be enforced in any court of competent jurisdiction.

Applying these principles to the facts of this case, was it shown that it was the intention of the parties that the original note and lien given to the mortgage company should be kept alive for the benefit of appellant, which took up that note and security by arrangement with appellees, and paid the amount of the debt to the mortgage company? We have been cited to no proven facts, and find none in the record, showing that such was the intention of the parties; nor have any facts or equitable considerations been shown which would require, as a matter of justice, that the two securities should be kept separate for the protection of the second mortgagee, the appellant. It is clear that the note given appellant for the

loan to appellees included and represented the original debt, and that the security was not only for the new money advanced for other purposes, but also the amount of the previous debt, which was by agreement with appellees to be paid to the mortgage company by appellant.

[2, 3] In order to escape the doctrine of merger of the securities, we think it was incumbent upon appellant to show that it was the intention of the parties that there was to be no merger of debts and securities, or some equitable ground requiring them to be kept separate, for the protection of appellant. This burden has not been met in this case; but, on the contrary, no reason exists for such relief, because the judgment of the trial court fully protects appellant in its right to be repaid the full amount of the debt covered by a valid lien upon the homestead. The judgment expressly provides for a foreclosure of the lien for such amount, and in default of payment by appellees to appellant the property is ordered sold. The deed of trust as to the excess was illegal and void, under our Constitution, and the equities of the case are clearly against appellant.

[4] Appellant purchased under both deeds of trust, with full notice of the homestead rights of appellees, and had long prior to the first sale answered, as party to this suit, the petition of appellees, attacking the deed of trust securing the lien as void, because given upon the homestead, and seeking the cancellation of the instrument. In such circumstances, to hold that appellant took title by the sale, would be to practically nullify the constitutional inhibition against incumbrances upon the homestead, and to defeat appellees' right to be relieved from the lien as to the illegal excess. For the reasons indicated, we are of the opinion that the trustee's sale under the first deed of trust was, under the circumstances of this case, void, and that appellant took no title thereunder.

[5] As to the second question, it is true that it has been held by our courts in certain cases that, where a part of a mortgage debt is collectible at law and a part not, and the two can be separated, a sale under the mortgage will be sustained, provided the mortgagor has not offered to pay the part legally due before the sale is made. It must be conceded that in this case the amount of the debt representing unpaid purchase money, and secured by a valid lien upon the homestead, was easily ascertainable, and that the appellees did not offer to pay this amount prior to the sale. However, they had previously brought their suit to cancel the deed of trust, upon the claim of homestead, and the sale was made during the pendency of this suit. Upon the trial of this cause, appellees expressly admitted the debt for unpaid purchase money, and the validity of the lien to secure same. In their amended petition they requested the court to ascertain such amount, and offered to repay it, or to have the land subjected to its payment.

Upon this question we think the case of Hillyer v. Westfall, 67 S. W. 1045, a decision by this court, in which a writ of error was denied by the Supreme Court, is in point. It was there held that where lands, including a homestead, are conveyed by deed of trust, which is invalid as to the homestead, except as to an amount less than the secured debt, which is sufficient to remove previously existing liens from the homestead, a sale of the entire tract by the trustee passes no title to the homestead. The gravamen of the decision may be stated in this brief quotation from the opinion:

"The deed of trust as to the homestead being void as to the amount that exceeded the charges against it, the purchaser at a sale thereunder would acquire no title, where the homestead was sold for the purpose of satisfying the entire indebtedness."

The facts of that case, although not precisely the same as in the instant case, are very similar, and we do not believe the cases can be distinguished in principle. In some respects the present case is stronger against appellant, because it was both the mortgagee and the purchaser at the second sale, whereas in the Hillyer Case the purchasers were not the mortgagees, but they were third parties, and purchased the property at the trustee's sale for a large consideration paid by them.

In the case of Girardeau v. Perkins, 59 Tex. Civ. App. 552, 126 S. W. 637, the Court of Civil Appeals for the First District, on motion for rehearing, held, under facts very similar to those of the present case, that where a trustee's sale of homestead property is made for an entire debt, a considerable part of which is not a valid lien, the sale confers no title on the purchaser.

In Wright v. Straub, 64 Tex. 64, the Supreme Court adopted the opinion of the Commission of Appeals, holding that where a homestead is sold for taxes, assessed in part against the homestead and in part against other property, the sale is void, because the homestead is, by the Constitution, protected against forced sale for taxes, except such as may be assessed against it.

In view of these authorities, and further because of the pendency and the objects of this suit, at the time appellant caused the land to be sold under its deed of trust, and the fact that appellees offered to pay that part of the debt which was secured by valid lien on the homestead, and the further fact that the judgment in the trial court requires such payment by appellees, or the sale of the land to enforce appellant's lien therefor, and fully protects appellant in all its legal and equitable rights, we think the trial court did

not err in holding that the same was void and conveyed no title to appellant.

Appellant relies strongly upon Hemphill v. Watson, 60 Tex. 679, and Vaughn v. Building Association, 36 S. W. 1013. The holding in these cases may be summarized in the syllabus to the first:

"A purchaser at a trust sale, made under a mortgage with power of sale, executed to secure both principal and interest, on a contract which is usurious, obtains title, if the principal sum due was not tendered before sale."

We do not think either of these cases in conflict with our conclusion. They decide that a contract for usurious interest is illegal, under the Constitution and the statutes, and that a sale will be upheld, where the principal debt due is valid.

In neither case, however, does the question of homestead seem to have been discussed. In the first it was not involved, and in the other there is no mention of the question. Our Constitution (article 16, § 50) provides that no mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money or improvements, and protects the homestead from forced sale for the payment of all debts, except for purchase money, taxes, or improvements. Under this provision, it has been repeatedly held by our courts that any attempted lien for other purposes upon the homestead is absolutely void, and not merely voidable. To permit the homestead to be sold for an entire debt, which includes a claim for other purposes than those mentioned, would seem to be in the teeth of the Constitution.

Another consideration, which we think serves to distinguish these two cases from the instant case, is the fact that in neither of them did it appear that the party attacking the trust sale had previously filed a suit to cancel the deed of trust, upon the ground of homestead. In the present case such a suit had been filed before the sale we are discussing had taken place, and the primary purpose of the suit was to invoke the constitutional protection, and to declare the instrument void. If the relief sought under the petition had been granted, all power to enforce the deed of trust outside of court would have fallen with the decree of the court. Appellant had full notice, and had in fact answered before the sale, and knew that appellees might amend their petition, and tender the amount of the indebtedness, for which there was a valid lien, and ask that the homestead be protected as to the remainder, which they in fact did before the trial. Therefore we think appellant had no right to proceed to sell under the deed of trust, pending a decision in this suit, under all issues appropriate to the action. But whether these cases are distinguishable or not, we prefer to follow the line of authorities above mentioned, which are deemed in point.

The justice of the case has been reached, and we see no reason to disturb the judgment below; therefore the case will be affirmed.

Affirmed.