

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

JOHN REED HOWARD

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Joe C. Gladney
Criminal District Attorney
Rusk County
Henderson, Texas

Attention:  Honorable O'Neal Morris

Dear Sir:

Opinion No. 0-5246
Re:  Power to collect taxes
on homestead without
collecting personal pro-
perty and poll taxes
due from owner of the
homestead.

Your opinion request, dated April 21, 1943, states:

"Mr. George E. Wood, Tax Assessor-Collector
of Rusk County, Texas asked me to secure from your
office an opinion on the following question, to-
wit:  A homestead owner who owes taxes on his home-
stead and on other personal property and poll
taxes tenders payment of all the taxes due on
his homestead to the exclusion of the personal
property taxes and poll taxes due.  Can Mr. Wood
accept payment of all taxes due against this home-
stead without payment of the other taxes mentioned?
In other words, can the homestead be incumbered
with taxes due on personal property and poll taxes?

"It is my opinion that the Tax Assessor-
Collector can accept payment of taxes due on the home-
stead without payment on personal property and
poll taxes.  My opinion is based on Article
7279 R.C.S. of 1925 which says; No real estate
set apart, used or designated as a homestead
shall be sold for taxes other than the taxes due
on such homestead.  I also cite the following
authorities:  City of San Antonio vs. Toepper-
wein, 133 S. W. 416;  Tate vs. McGraw, 73 S.W. 2d
559.

"It is possible that this question is covered in Opinion No. O-448 made to W. Pat Camp, Assistant Criminal District Attorney, San Antonio, Texas, March 15, 1939.

"An opinion on this question will be greatly appreciated."

We feel that your opinion is correct. Article 7279 has consistently been construed to mean that a homestead is not liable for any tax save and except the taxes due against the homestead itself. Wright v. Straub, 64 Tex. 64, Higgins v. Bordages, 88 Tex. 458, 31 S. W. 52, 803, Barnet v. Eureka Paving Co., 234 S. W. 1081, Tate v. McGraw, 70 S. W. (2d) 467, 73 S. W. (2d) 559. Since this is true, payment of the taxes due on the homestead will leave such homestead free and clear of any tax lien, and such property can in no way be used for the collection of personal property or poll taxes due from the owner of such homestead.

In our Opinion No. O-448, to which you refer, we held that payment of all taxes against the homestead and payment of the poll tax of the taxpayer prior to January 31, 1939, followed by a subsequent payment of the poll tax of the wife of the taxpayer on February 6, 1939, would entitle the taxpayer to a poll tax receipt dated January 31, thus entitling him to vote, despite the fact that all of these payments were not made prior to such date. In that opinion we referred, with respect to poll tax payments, to the principles enunciated in the preceding paragraph. Such principles are, we feel, applicable to poll taxes, personal property taxes, or to any taxes or assessments other than taxes actually due on the homestead.

Trusting that the foregoing fully answers your inquiry and confirms your opinion, we are

Very truly yours

APPROVED MAY 4, 1943

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

/s/ R. Dean Moorhead

By     R. Dean Moorhead
           Assistant

RDM:db:elb

APPROVED
OPINION
COMMITTEE
By _____
Chairman