## RAPID TRANSIT RAILWAY COMPANY v. B. F. SMITH.

### No. 1408.   Decided April 6, 1905.

**1.—Contract—Release of Damages—Consideration.**

A written contract releasing a claim for damages for personal injury for a recited money consideration could not have imported into it by parol evidence the additional consideration of a promise of employment 'and be treated as ineffectual for failure to comply with such promise. (P. 555.)

**2.—Same—Fraud.**

Inducing a claimant to release his right of action, for a money consideration, through a written contract, by making a collateral promise of employment, not intended to be kept, might constitute fraud avoiding the release, though not sufficient to make such promise a part of the contract. (Pp. 555, 556.)

**3.—Damages—Miscarriage—Charges.**

Where plaintiff claimed that personal injuries to his wife had caused miscarriage and afterward a second miscarriage, an instruction to the jury that they might consider such second miscarriage if they found it to be a natural and probable result of the accident, should have limited them to its consideration in determining the extent of the original injury, and not allowed specific damages for such second miscarriage. (P. 556.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

Smith sued the Rapid Transit Railway Company and recovered judgment which was affirmed on appeal. Appellant then obtained writ of error.

*W. F. Robertson* and *E. B. Perkins,* for plaintiff in error.—The court erred in permitting plaintiff to testify, on the trial of the first issue submitted to the jury, over defendant's objections, that at the time of the execution of the release in full by plaintiff to defendant for damages claimed for injuries to plaintiff's wife, plaintiff had a conversation or agreement with an agent of defendant relative to plaintiff's employment by defendant, because the effect of said testimony was to vary the terms of a written contract, the terms of which were certain and unambiguous. 2 Parsons on Contracts, 8 ed., 833, 834; Chicago T. & M. C. Ry. Co. v. Titterington, 84 Texas, 218; Soell v. Hadden, 85 Texas, 187; Williams v. Railway Co., 82 Texas, 560; Wells v. Houston, 23 Texas Civ. App., 653; East Line & R. R. Ry. Co. v. Scott, 72 Texas, 70; Heffron v.

Pollard, 73 Texas, 100; Jones v. Gilchrist, 88 Texas, 93; Bruner v.. Strong, 61 Texas, 557.

The court erred in paragraph 1 of its charge to the jury on the first issue submitted, said charge being on the weight of the evidence and not requiring the jury to find that said promise, if any was made, was falsely and fraudulently made, and not requiring the jury to find that said promise was the real consideration for the execution of said release. . Same authorities.

The court erred in its charge to the jury on the second issue submitted to the jury, in paragraph 2, as follows: "You are instructed, that, as to the second miscarriage testified about, if you believe such second miscarriage was the natural or probable result of the collision between the cars, if you find anything for plaintiff under the foregoing instruction, you may consider such miscarriage," because the charge is on the weight of the evidence, confusing and misleading, and assumes that certain facts were proven. Constitution of 1876, art. 1, sec. 15; Sayles' Stats., art. 1317; Texas & P. Ry. Co. v. Murphy, 46 Texas, 367; Mayo v. Tudor, 74 Texas, 474; Gulf C. & S. F. Ry. Co. v. Finley, 11 Texas Civ. App., 64; Missouri K. & T. Ry. Co. v. Sparks, 35 S. W. Rep., 745; Gulf C. & S. F. Ry. Co. v. Pendry, 87 Texas, 553.

*Robert B. Seay* and *Richardson & Seay,* for defendant in error.—If there was error in the charge of the court complained of, it was harmless, because the charge fairly presented to the jury the only question of fact that was involved in the first issue, upon which there was any conflict of testimony. Texas & P. Ry. Co. v. Hightower, 33 S. W. Rep., 541.

If there was error in the charge of the court complained of, it is not reversible error, because it was merely in the nature of an omission to charge fully on the issue, which should have been called to the attention of the court by the defendants in the form of a special charge. Shumard v. Johnson, 66 Texas, 70; Wilkinson v. Johnson, 83 Texas, 392; Harrell v. Houston, 66 Texas, 280; Texas & P. Ry. Co. v. O'Donnell,. 58 Texas, 42; Harris v. Flowers, 21 Texas Civ. App., 672.

GAINES, Chief Justice.—The defendant in error brought this suit to recover of plaintiff in error damages for personal injuries to his wife alleged to have been caused by the negligence of the company's servants. The defendant corporation, among other things, pleaded, in answer to the petition, a release. To the answer the plaintiff, by a supplemental petition, replied, in substance, that the release was obtained by fraud, in this, that at the time it was executed the agent of the company who procured the same promised that in consideration of its execution the company would give him employment as a motorman— when they knew at the same time that the plaintiff could not be so employed, and "that the promise was made with intent to defraud the

plaintiff." It was also pleaded in the replication, that the promise of employment was the sole consideration for the release, that the promise had not been fulfilled, and that therefore there was a failure of consideration.

The trial resulted in a verdict and judgment in the plaintiff's favor for $1000 less the amount paid out by the defendant as the consideration of the release. The cause having been appealed, the judgment was affirmed by the Court of Civil Appeals.

The following is a copy of the release pleaded and proved:

"In consideration of the sum of fifteen ($15) dollars (and the assumption of Dr. Gauldin's bill), the receipt of which is hereby acknowledged, I, B. F. Smith do hereby release the Rapid Transit Railway Company from any and all liabilities growing out of a certain accident and injuries sustained by my wife on or about June 8, 1902, said injuries having been received by reason of a collision between two of the cars of the said Rapid Transit Railway Company upon Commerce Street, Dallas, Texas, upon one of which cars my wife was a passenger. This release includes all injuries sustained whether temporary or permanent, whether developed or hereafter to be developed. It is understood that this release shall be in nowise considered as an admission of liability on the part of said Rapid Transit Railway Company, and I hereby release for myself and my said wife the said Rapid Transit Railway Company from any and all claims of liability whatever. (Signed) B. F Smith."

Upon the question of the release, the trial court charged the jury as follows: "If you find and believe from the evidence before you that at the time the written release was signed by the plaintiff, the defendant company by and through its agent C. F. Freeman promised the plaintiff that he should be re-employed by the defendant company, you will find for the plaintiff."

We think the charge of the court was erroneous, and that the error requires a reversal of the judgment.

The release hereinbefore quoted is a contract definite in all its terms. It distinctly specifies the consideration for the release, and the testimony shows that it was paid. It clearly releases the defendant company from all further liability for the injuries which resulted to the wife of the plaintiff as a consequence of the accident. Being a written contract, containing the recital of the payment of one sum and the promise to pay another as a consideration, it was not subject to be varied or contradicted by parol evidence. It was not susceptible of having imported into it by parol testimony that there was an additional agreement that the company was to give the plaintiff employment as a motorman, and that upon its failure to do so the release should be void. East Line & R. R. Ry. Co. v. Garrett, 52 Texas, 133. On the other hand, if the agent of the company, as an inducement to the execution of the release, promised the plaintiff and induced him to believe that

if he would execute the release he would get employment from the company as a motorman, and if such promise was not made in good faith, that is to say, if such agent had no intention of giving him such employment, then under the rule established in this court, the release was voidable and subject to be set aside for fraud. Chicago T. & M. C. Ry. Co. v. Titterington, 84 Texas, 218. In the case cited the court say: "If the railway company at the time it made the representations and promises before mentioned to the plaintiffs, did so with the design of cheating and deceiving the plaintiffs, and had no intention at the time of performing the promises, but used them merely as false pretenses to induce the plaintiffs to execute the deed, and if its conduct did have that effect, then we think that such acts and declarations, coupled with its subsequent utter failure and refusal to perform the promises or assurances, would amount to such actual fraud as would authorize the plaintiffs to have the contract rescinded and the land restored to them. But upon the other hand, if the promises or representations were made in good faith at the time of the contract, and the defendant subsequently changed its mind and failed or refused to perform the promises, then such conduct of the company, originally or subsequently, would not constitute such fraud in legal acceptation as would justify the rescission of the contract or the cancellation of the deed." The principles so announced were, in our opinion, applicable in the present case; and were not embodied in the charge under consideration. On the contrary, the instruction not only treats the alleged oral promise if found by the jury to have been made, as a part of the contract of release, but also treats it as if the contract contained the further stipulation that in the event the promise was not complied with, the release should be void.

There was testimony to show that the plaintiff's wife shortly after the accident had a miscarriage, and also that some time thereafter she had another. In reference to the second miscarriage, the court instructed the jury, in effect, that if they found that such miscarriage was the result of the wife's original injury, they should consider it in assessing the damages; but that if it was not the result of such injury they should not take it into consideration. We think it would have been better to have instructed the jury as to the purpose for which it was to be considered—namely, in determining the extent of such injury and not for the purpose of allowing specific damages for that miscarriage itself.

For the error pointed out the judgments of the District Court and of the Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*