EDWARD THOMPSON COMPANY v. W. R. SAWYERS.

No. 3030. Decided November 16, 1921.

(234 S. W., 873.)

1.—Contract—Fraud—False Representations.

A pleading considered is held to allege that the execution of the contract sued on was induced by a promise of things to be done in the future by the plaintiff which he then intended not to perform; and showed that defendant's assent to such contract was obtained by fraud. (P. 378).

2.—Same—Promise not Intended to be Kept.

Contracts may be avoided for fraud when induced by representations or promises of things to be done by the promisee which were not intended to be performed, as well as by misrepresentation of fact. (P. 378).

3.—Same—Written Contract—Parol Evidence.

One entitled to avoid an entire written contract by parol proof of fraud inducing his assent to it is not bound by a stipulation in such contract that no representations or guaranties had been made by the promisee which were not expressed in the written contract. (Pp. 378, 379).

4.—Same.

The rule that parol evidence is not admissible to change the terms of a valid written instrument does not operate to prevent its admission to establish that a written instrument is rendered voidable by fraud. (P. 379). 379).

5.—Same—Case Stated.

The agent selling for the publishers a law encyclopedia with four annual supplements represented to the buyer that the supplements would be continued annually for not less than fifteen years. Their publication was discontinued after the publication of one additional volume. The promise to continue them was not embraced in the written contract of sale, which was

for periodical payments, and this stipulated that no representations or guaranties had been made on behalf of the seller which were not embraced in the written contract. *Held*, that parol proof of such representations and of the fact that the seller did not then intend to perform them and had discontinued the publication was admissible in defense of an action to recover one of the periodical payments, as proof that the contract was obtained by fraud. (Pp. 376-380).

**6.—Evidence—Agency—Harmless Error.**

Statements by a collector of plaintiff that compliance with his promise to continue the issuance of annual supplements to the cyclopedia sold would be discontinued by the seller was inadmissible in the absence of proof of his authority as agent to make such representations. But the error was harmless where the fact of such discontinuance was fully established by other evidence from an officer of the corporation selling. (Pp. 379, 380).

Questions certified from the Court of Civil Appeals for the Fourth District, in an appeal from Tarrant County.

*McGown & McGown* and *E. T. Phillips*, for appellant.

Representations made by an agent without authority to do so, as to the solvency of the principal and as to its intention to perform some act in the future and that said company was able and intended to perform the act in the future, even though untrue, are not such allegations of fraud as will make admissible testimony of a contemporaneous parol agreement which varies and qualifies the written contract. Lanius v. Shuler, 77 Texas, 24, 13 S. W., 614; Gough Mill & Gin Co. v. Looney, 112 S. W., 782.

The admissions of a collector for a corporation engaged in the business of publishing law books are not admissible against the corporation, as to facts relating to suit for infringement of copyrights or as to the financial or physical condition of the corporation, in the absence of proof of the collector's authority to make such admissions. St. Louis, I. M. & S. Ry. Co. v. Carlisle, 34 Texas Civ. App., 268, 78 S. W., 553; Blain v. Pacific Express Co., 69 Texas, 74, 6 S. W., 679; 2 Meachem on Agency, 2nd Ed., par. 1783, p. 1369; Cooper Gro. Co. v. Britton, 74 S. W., 91.

*C. B. Ambrose*, for appellee.

Allegations that the written order had been obtained by fraud on the part of appellant are sufficient to admit oral evidence to show what the real contract was and what inducements were made to obtain it, notwithstanding the written order contained the clause that no representations not contained in it had been made. Willett v. Browning Eng. Co., 186 S. W., 352; Avery Co. v. Staples Merc. Co., 183 S. W., 44; Commonwealth Bonding Etc. Co. v. Bomar, 169 S. W., 1060;

Representations of his principal's intention to do some act in the future made by an agent in the course of his duties as an induce-

ment to a party to enter into a contract with his principal, such future act being in reference to the contract so induced, the said representations are not matters of opinion or future promise but are statements of fact and warranty and are binding on the principal, if he authorized or ratified them, and if false or fraudulent. Greenwood v. Pierce, 58 Texas, 130; McFarland v. McGill 16 Texas Civ. App., 298, 41 S. W., 402; Chicago T. & M. C. Ry. Co. v. Titterington, 84 Texas, 218, 19 S. W., 472; 20 Cyc. 22 (a).

MR. JUSTICE GREENWOOD delivered the opinion of the court.

The certificate of the Honorable Court of Civil Appeals discloses the following facts:

Appellant sued appellee in the justice's court for a balance of $127.50, on a written contract in which appellee requested appellant to deliver to him 32 volumes of the American & English Encyclopedia of law and 4 Supplements thereto, for which he promised to pay $7.50 per volume in installments of $30.00, payable on December 1, 1907 and at the expiration of each six months thereafter, up to and including December 1, 1911, it being stipulated that no representations or guarantees had been made by the salesman on behalf of appellant which were not expressed in the written contract.

After a trial in the justice's court, resulting in a judgment for appellee, the case was appealed to the county court, where appellee filed written pleadings, in which·he admitted the execution of the written contract, but averred that in order to induce appellee to sign the contract, appellant, by its agent, represented and agreed that it would continue to publish and deliver to appellee annual supplements, for a period of not less than fifteen years, or for so long as appellee should live or continue to practice law; that appellant knew at the time that it would not be able to issue annual supplements; that the representation and promise that appellant would issue and furnish supplements, for the time stated, was false. and fraudulent and was intended to deceive appellee, and that appellee was deceived thereby, and that it was in reliance on appellant's false and fraudulent representation and promise that appellee gave his subscription and executed the written contract on which appellant sued. Appellee further plead that appellant issued five annual supplements and then failed or refused to issue or deliver any more; that the thirty-seven volumes of the Encyclopaedia and Supplements, which were delivered and which appelle offered to return, were not worth more that $37.00, and that appellee had paid appellant $150.00 under the contract, and he plead that the consideration for· the payments promised by him had partially failed; and he prayed that he be awarded damages against appellant in the sum of $113.00, and he also prayed for a rescisson of the contract and the recovery of the

$150.00 paid under the contract, and for any relief to which he might be entitled under the allegations of his answer.

For replication to appellee's answer, appellant plead a general denial, the statutes of frauds and of two years limitation, and lack of authority on the part of its agent to make the representation and promise set up by appellee.

In answer to special issues a jury in the county court found, first, that appellant's agent did agree to furnish annual supplements for fifteen years, or during the life of appellee or the time he was able to practice law; second, that appellant had notice of the agreement at the time it approved the order of appellee; and third; that Supplement No. 5 was sent to appellee in pursuance of the contract made by appellant's agent with appellee. On this verdict, the county court rendered judgment that appellant take nothing by its suit and that appellee recover nothing on his cross-action or counterclaim.

On the trial in the county court, appellant objected to the admission of testimony to prove the representation and promise that appellant would continue to issue and furnish annual supplements, for fifteen years or for the duration of appellee's life or law practice, on the ground that such testimony was an attempt to vary by parol evidence the terms of the written contract, which could not be done in the absence of proper allegations of fraud or mistake. The county court overruled appellant's objection and admitted the testimony.

Appellant also objected, on the trial in the county court, to the admission of testimony by appellee that after appellant failed to deliver an annual supplement after the fifth, and upon his refusal to make further payments, on two occasions collectors of appellant, whose names he did not remember, called upon him and one of them stated that the West Publishing Company had sued appellant for an infringement of its copyright to publish the Encyclopedia and the Supplements; that the courts decided the suit in favor of the West Publishing Company; and that appellant would not be able to issue any further supplements. The ground of objection to this testimony was that the collectors were not shown to have been clothed with such authority as to make their statements admissible against appellant. The county court admitted the testimony, overruling appellant's objection.

On appeal, the Fort Worth Court of Civil Appeals affirmed the judgment of the trial court, overruling assignments of error complaining of the admission of the testimony to which appellant had objected, one of the judges dissenting.

With a motion for rehearing pending, the Honorable Court of Civil Appeals certifies to us questions as follows:

First: Did the majority of the court err in overruling the assignment directed to the admission of the testimony with reference to the parol agreement, which was claimed to have induced appellee to execute the written contract on which appellant sued?

Second: Did the majority of the court err in overruling the assignment challenging the action of the trial court in admitting the testimony of appellee as to conversations with appellant's collectors?

We think appellee's answer, fairly construed, alleges that he was deceived into executing the writing sued on, by means of a representation or promise, by appellant, not only not performed, but, at the time made, not intended to be performed. So construing the answer, it set up such fraud on the part of appellant as would entitle appellee to a rescission of the written contract with a recovery of the payments he had made, or to an award of damages for the injury he had sustained. Cearley v. May, 106 Texas, 444, 167 S. W., 725; Chicago T. & M. C. Ry. Co. v. Titterington, 84 Texas, 223., 31 Am. St., 39, 19 S. W., 472.

Promises made without intention of fulfillment, in order to induce others to make contracts, are as culpable and as harmful, as are wilful misrepresentations of existing facts. Hence, contracts may be avoided alike for such fraudulent promises and for such misrepresentations.

Contracts, though reduced to writing, are avoided when induced by material promises, never intended to be kept, not because one is allowed to vary his written contract, but because real assent is essential to a binding contract. Using Elliott's phrasing: "If one is induced to go through the form of making a contract because of some fraud or misrepresentation made by the other party or his agent, relative to a material element of the agreement, such that if he had known the truth he would not have given his assent, the contract may be avoided by him. There can be no real assent when it is induced by fraud." 1 Elliott on Contracts, sec 70.

One who is entitled to avoid an entire written contract because it lacked his assent, can no longer be held bound by any of its stipulations including those relating to representations or guaranties which induced its execution. U. S. Gypsum Co. v. Shields, 106 S. W., 726, 101 Texas, 473; Hackney Mfg. Co. v. Celum, 189 S. W., 990, 221 S. W., 577; Threshing Mach. Co. v. Webb, 181 S. W., 855; Landfried v. Milam, 214 S. W., 848; Scale Co. v. Milling Co., 217 S. W., 200.

The opinion of Chief Justice Gaines in Rapid Transit Ry. Co. v. Smith, 98 Texas, 555, 86 S. W., 322, sharply contrasts the purposes for which parol evidence may be admissible or inadmissible in such a case as this. The Railway Company plead a release as a defense to Smith's action for damages for a personal injury, the release reciting that it was executed in consideration of fifteen dollars and

the assumption of a certain doctor's bill. In avoidance of the plea, the plaintiff replied that the release was procured by fraud in that its execution was induced by a promise of the Railway Company by its agent to employ plaintiff as a motorman, knowing at the time that he could not be so employed, such promise made with the intent to defraud plaintiff. Plaintiff also plead that there was no consideration for the release save the promise of re-employment, and hence there was a failure of consideration. The charge of the trial court was to find for plaintiff if the Railway Company by its agent made the promise of re-employment. The charge was held erroneous, the court saying with reference to the release: "Being a written contract, containing the recital of the payment of one sum and the promise to pay another as a consideration, it was not subject to be varied or contradicted by parol evidence. It was not susceptible of having imported into it by parol testimony that there was an additional agreement that the company was to give the plaintiff employment as a motorman, and that upon its failure to do so the release should be void. East Line & R. R. Ry. Co. v. Garrett, 52 Texas, 133. On the other hand, if the agent of the company, as an inducement to the execution of the release, promised the plaintiff and induced him to believe that if he would execute the release he would get employment from the company as a motorman, and if such promise was not made in good faith, that is to say, if such agent had no intention of giving him such employment, then under the rule established in this court, the release was voidable and subject to be set aside for fraud."

Judge Gaines' opinion is a good illustration that the parol evidence rule applies to prevent varying or changing the terms of a *valid* written instrument; but, that the rule does not operate to prevent the admission of parol evidence to establish that a written instrument is vitiated or rendered voidable by fraud. History Company v. Flint, 4 App. C. C., sec. 224; 1 Greenleaf on Evidence (16th Ed.) secs. 275, 284.

The evidence relating to the representation or promise of appellant's agent to issue, and to furnish to appellee, the supplements, for the period alleged, was admissible in support of appellee's plea of fraud; and we therefore answer "No" to the first certified question.

The declarations of appellant's collectors were not shown to be within the actual or apparent scope of their agency. Appellant's objections to their admission in evidence should have been sustained in the trial court. The declarations seem to have been material on the single issue as to whether appellant intended to perform its alleged fraudulent representation or promise. In view of the testimony of appellant,s treasurer, entrusted with the sale of its books, to the effect that appellant sold the thirty-two volumes of

the Encyclopaedia and the first four supplements   as a complete set, which it never supposed would be kept up by any definite issue of supplements, no other conclusion would have been warranted than that the representaion or promise, if any, to issue and deliver annual supplements for fifteen years or so long as appellee might live or practice law, was made by appellant, through its agent, without any intention of fulfilling it.   The action of the trial court, in admitting evidence of the collectors' declarations was therefore harmless error. We answer to the second question that the Court of Civil Appeals did not err in refusing to reverse the trial court's judgment for the erroneous but harmless admission of this evidence.