THOMASON et al. v. KING et al.
(No. 10624.)

(Court of Civil Appeals of Texas. Fort Worth. April 26, 1924. Rehearing Denied June 14, 1924.)

1. Pleading ⚓111—Evidence held to establish prima facie case as against plea of privilege to be sued in county of residence.

In action in H. county against attorneys, copartners, to recover a fee paid to them in H. county for contemplated services which they refused to perform, in which action defendants filed plea of privilege to be sued in county of their residence, plaintiffs' controverting affidavit that, when the defendant copartner demanded and received fee, he had no intention of performing the services contemplated, and thus committed a fraud on plaintiffs, and evidence in support thereof, held sufficient to establish a prima facie case as against the plea of venue, in the absence of rebuttal testimony from defendants.

On Motion for Rehearing.

2. Appeal and error ⚓551—Evidence submitted on plea of privilege held properly brought to appellate court in bill of exceptions.

The evidence submitted to overcome a plea of privilege and that heard on defendants' motion to suppress depositions introduced by plaintiff held properly brought before the appellate court in the bill of exceptions.

3. Depositions ⚓83(4)—Motion to suppress depositions filed held made too late.

Where three terms of court had passed after depositions had been filed and before motion to suppress, interposed on hearing of plea of venue, was filed, the motion came too late in view of Rev St. art. 3676, and the court erred in sustaining same.

4. Appeal and error ⚓912—Where bill of exceptions purported to give entire evidence offered upon hearing of plea of privilege, no presumption indulged other evidence introduced upon that issue.

Where a bill of exceptions purported to give the entire evidence offered upon the hearing of a plea of privilege, no presumption could be indulged that any other evidence was introduced upon that issue, as would be the case if a statement of facts was required in order to show the evidence heard upon the plea.

⚓For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Haskell County Court; Jas. P. Kinnard, Judge.

Action by G. W. Thomason and another against Harry Tom King and another. From a judgment sustaining defendants' plea of privilege, plaintiffs appeal. Reversed and remanded.

G. W. Thomason, of Haskell, for appellants.

W. H. Murchison, of Haskell, and Kirby, King & Overshiner, of Abilene, for appellees.

DUNKLIN, J. [1] G. W. and Y. L. Thomason instituted this suit against Harry Tom King and W. C. Jackson, practicing law under the copartnership firm name of King & Jackson, to recover the sum of $250, which plaintiffs alleged was paid to the defendants as part of the agreed consideration for legal services to be rendered by the defendants in behalf of the plaintiffs in seven different suits pending in the district court of Stephens county, in which plaintiffs in this suit were interested as interveners.

The defendants were resident citizens of Abilene, Taylor county, at the time the suit was instituted in Haskell county, and they interposed a plea of privilege to be sued in the county of their residence. That plea was sustained, and from that ruling this appeal has been prosecuted.

Upon the trial of the plea of privilege, after plaintiffs had introduced their evidence, the court granted the defendants' motion for an instructed verdict in favor of the plea, in the absence of any evidence offered by the defendants, and the judgment rendered was in accordance with the verdict returned in obedience to the instruction.

According to the evidence introduced by the plaintiffs, they employed the defendant firm, acting through defendant King, to perform the services alleged in their petition, and paid a cash consideration of $250 in part payment for the services to be so rendered. According to further evidence offered by the plaintiffs, the money so paid was paid to the defendant King in the town of Haskell county, and King then and there for his firm agreed to perform the services alleged in plaintiffs' petition; but within about 10 days thereafter King notified plaintiffs by letter that he would withdraw from the alleged suits and would not represent plaintiffs any longer, and did not perform any of the services which he had contracted to perform, and thereafter refused to reimburse plaintiffs for the consideration so paid by them.

In plaintiffs' controverting affidavit to the plea of venue, it was alleged that at the time King received from plaintiffs the cash fee of $250, he had no intention of performing the services contemplated in the contract of employment, and that his demand for and receipt of the cash fee with such an intention constituted a legal fraud on the plaintiffs; and that since the same was committed in Haskell county that county was the proper venue for the suit, which was instituted in the county court of Haskell county upon that theory of legal right.

Whether or not defendant King had no intention to render the services which he had contracted to perform, at the time he received the cash consideration of $250 from plaintiffs, was a matter peculiarly within his own knowledge. The following letter from him, which was written 10 days after he received the money, was introduced:

"Abilene, Tex., Nov. 13, 1920.

"Mr. G. W. Thomason, Haskell, Texas—Dear Sir: In re McEntire v. Thomason. Referring further to my Breckenridge firm in connection with these cases: Matters have arisen which makes it at least inexpedient for me to remain in these cases. For one thing we differ so much about the merits of these cases and the manner in which they should be tried that I feel like that you feel like that I cannot do them justice, and you may be correct about it. Therefore I give you this notice. I wish you every success in the matter, and as you ask me to suggest the name of some lawyers at Breckenridge, may I not suggest the name of Judge Charles E. Coombs who now lives at Cisco and who has been in the oil game for twelve or fifteen months. You know him, as he was for a while district judge in the district just west of you.

"Very truly,       Harry Tom King."

Another letter written by Mr. King to Judge McConnell, who was the leading counsel for the plaintiffs in this case and interveners in other cases, appears in the record. That letter shows that the firm of King & Jackson had already performed services for G. W. and Y. L. Thomason in those cases prior to the receipt of the $250 mentioned above; and it is quite probable that Mr. King retained the $250 as compensation for the service already rendered.

It is evident that he did not consider that plaintiffs had made out a prima facie case as against the plea of venue, and for that reason did not consider it necessary to offer any rebuttal testimony. However, we have reached the conclusion that we are unable to say that as a conclusion of law the evidence introduced by the plaintiffs, in the absence of any testimony in rebuttal from the defendants, did not tend to show proper venue of the case in Haskell county, under allegations in plaintiffs' petition in connection with the allegations contained in plaintiffs' controverting affidavit, filed in reply to the plea of venue. Chicago, T. & M. Ry. Co. v. Titterington, 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39; Rapid Transit Ry. Co. v. Smith, 98 Tex. 553, 86 S. W. 322; M., K. & T. Ry. Co. v. Day, 104 Tex. 237, loc. cit. 243, 136 S. W. 435, 34 L. R. A. (N. S.) 111; Johnson v. Cole (Tex. Civ. App.) 258 S. W. 850.

Accordingly, the judgment of the trial court sustaining the plea of privilege is reversed, and the cause is remanded for further proceedings not inconsistent with the conclusions here announced.

### On Motion for Rehearing.

[2] On original hearing we did not fail to consider appellees' brief which was then on file. The principal contention presented in the brief, and again presented by further written argument filed, was that the assignments of error addressed to the action of the trial court in suppressing the depositions of H. G. McConnell, and the further action in peremptorily instructing the jury to return a verdict sustaining the plea. of privilege of the defendants, are without merit, because of the fact that there is no statement of facts in the record before us. In other words, it is insisted that the evidence heard on the motion to suppress the depositions of McConnell and that introduced by the plaintiff to overcome the plea of privilege has no proper place in the bills of exception, and therefore cannot be considered.

Those contentions are without merit, in view of the decision of our Supreme Court in Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896, wherein it was said:

"If the evidence submitted on a plea of privilege be brought before the appellate court in either a bill of exceptions or a statement of facts, we are sure it should be considered. The bill of exceptions is an appropriate means of disclosing proceedings preliminary to the trial of a cause on its merits."

[3] According to the testimony appearing in the bill of exceptions to the action of the court in suppressing the depositions of H. G. McConnell, it was proven without dispute that three terms of court had passed after the depositions had been filed and before the motion to suppress was filed. The motion, therefore, came too late, under the express provisions of article 3676 of our Revised Statutes, which states specifically that all objections going to the manner and form of taking depositions shall be made and determined at the first term of court after the depositions have been filed and not thereafter. The objections to the depositions of McConnell, which were made the basis of a motion to suppress, were objections of the character embraced in the provisions of that statute, and the court erred in sustaining the motion. We make this additional finding, in view of appellants' motion now filed, that their assignments of error presenting that question, which were not determined on original hearing, be now determined.

[4] The conclusion reached that the court erred in instructing a verdict in favor of the defendants on their plea of privilege was based upon the evidence recited in bill of ex-

ception No. 2, all of which was admitted and which did not include the deposition of H. G. McConnell that had been suppressed. That bill of exception purports to give the entire evidence offered upon the hearing of the plea of privilege. Hence no presumption can be indulged that any other evidence was introduced upon that issue as would be indulged if a statement of facts was required in order to show the evidence heard upon the plea of privilege. And upon a further consideration of the brief of appellees and the argument therein made and authorities cited, we adhere to the conclusion heretofore reached that the judgment should be reversed and the cause remanded.

Accordingly, appellees' motion for rehearing is overruled.