## McCASKEY CASH REGISTER CO. v. KRAUSE.

No. 959.

Court of Civil Appeals of Texas. Waco.

Oct. 9, 1930.

H. P. Jordan, of Waco, for appellant.

Taylor, Atkinson & Farmer, of Waco, for appellee.

BARCUS, J.

Appellant instituted this suit against appellee to recover judgment for the purchase money of one Model 43, Credit System Cash Register, same having been sold to appellee under a written contract.

Appellee admitted the execution of the contract, but alleged that he should not be held liable thereon because of certain false and fraudulent representations made by the agent of appellant at the time and before said contract was signed, which induced and caused him to execute same. He alleged that but for said false and fraudulent representations he would not have executed said contract. He tendered the register to appellant.

The cause was tried to the court and resulted in judgment being entered denying appellant any recovery on said contract but awarded it the register in question.

Appellant, in its brief, presents five propositions. Under same, however, its sole contention is that the trial court committed error in permitting appellee W. F. Krause to testify to certain representations and statements made to him by the agent of appellant relative to said register at the time the contract was signed; appellant's contention being that said testimony was an effort on the part of the appellee to vary and contradict the terms of the written contract. We overrule these propositions. The rule seems to be well settled that whenever a contract has been obtained by false and fraudulent representations which induced the party to make same, it may be avoided by the party thus defrauded. Edward Thompson Co. v. Sawyers, 111 Tex. 374, 234 S. W. 873, 874; J. B. Colt Co. v. Wheeler (Tex. Civ. App.) 12 S.W.(2d) 1102, error dismissed (Tex. Com. App.) 23 S.W.(2d) 299. The rule is well stated in Thompson Co. v. Sawyers, supra, as follows:

"Contracts, though reduced to writing, are avoided when induced by material promises, never intended to be kept, not because one is allowed to vary his written contract, but because real assent is essential to a binding contract. * * *

" 'If one is induced to go through the form of making a contract because of some fraud or misrepresentation made by the other party or his agent, relative to a material element of the agreement, such that, if he had known the truth, he would not have given his assent, the contract may be avoided by him. There can be no real assent when it is induced by fraud.' "

In order to show that there were false and fraudulent representations made to appellee, which he believed and relied upon and but for which he would not have executed the contract, any statement made to him by the agent of appellant at the time the contract was executed would be admissible.

If it was error for the trial court to admit the testimony of W. F. Krause, of which complaint is made, said error became harmless by reason of the fact that the identical testimony given by him was testified to without any objection by his son W. F. Krause, Jr., who was not a party to the litigation and whose testimony was not in any way disputed.

The judgment of the trial court is affirmed.