**TRINITY UNIVERSAL INSURANCE COMPANY, Appellant,**

v.

**Horace E. HORTON et ux., Appellees.**

**No. 3756.**

Court of Civil Appeals of Texas.

Eastland.

Dec. 14, 1962.

Rehearing Denied Jan. 11, 1963.

GRISSOM, Chief Justice.

Horace E. Horton and wife sued Trinity Universal Insurance Company on its fidelity bond to recover losses sustained by reason of the fraud of their salesman. The salesman had procured written orders from purchasers in the southeastern part of the United States, sent them to the Hortons, the Hortons filled the orders and paid the salesman his commission for the sale of that merchandise. The purchasers claimed that the salesman did not sell them the merchandise but agreed to deliver it to them on consignment, that is, to be paid for only when it was sold. The Hortons investigated the claims and took back from the purchasers the merchandise not already sold. The Hortons seek to recover from the insurer the damages they sustained as a result of the salesman's fraud.

After introduction of the testimony of a witness and of some documents, plaintiffs withdrew their announcement of ready and the trial was postponed. Thereafter, the Hortons filed a motion for summary judgment, attaching thereto the affidavits of said purchasers and Mr. Horton which tend to show the fraud of the salesman, loss by the Hortons and their right to recover from the bonding company. The insurer filed an answer and affidavits controverting plaintiffs' motion. It contended that plaintiffs' affidavits were inadmissible, at least in part, and that facts essential to recovery on the bond were not conclusively established. The court granted plaintiffs' motion for a summary judgment and entered judgment for the Hortons. The insurer has appealed.

■ Appellant's first point is that the testimony of the purchasers, even if adduced by deposition or direct testimony, that the salesman, prior to the time they signed the orders, represented that the merchandise would be delivered to them on consignment, was inadmissible because it varied and contradicted the written orders. Since appellees' suit is based upon fraud we think such testimony was not subject to that objection. Point one is overruled. Dallas

Simon & Simon, Fort Worth, for appellant.

Turner & Seaberry, Eastland, for appellees.

Farm Machinery Company v. Reaves, 158 Tex. 1, 307 S.W.2d 233; Texas & Pacific Railway Company v. Presley, 137 Tex. 232, 152 S.W.2d 1105.

Appellant's second point is that because the written orders introduced by appellees showed a sale of the merchandise and Mr. Horton testified that Davis still claimed they were bona fide sales a fact issue was raised as to whether there was a sale. Appellant's third point is that the affidavits of the purchasers were subject to the objection that they contained conclusions and hearsay; that they were contradicted by other evidence and, therefore, were not conclusive of the facts requisite to rendition of a summary judgment. The fourth point is that, since the bond sued upon insured the Hortons against loss sustained through fraudulent acts of its employees, fact issues were raised as to whether the salesman was guilty of fraud, the Hortons sustained damages and, if so, the amount thereof.

Excepting the contention in said points that the testimony violated the parol evidence rule, we sustain points 2, 3 and 4. Mr. Horton testified to the effect that the orders signed by said purchasers, received and filled, were taken on appellees' forms for the sale of merchandise and showed a sale, not a consignment. He testified that when he investigated the claims of the purchasers they said his salesman had agreed that the merchandise would be delivered to them on consignment, and that their orders would so show. But, he also testified that when he contacted his salesman, the salesman claimed that he had made bona fide sales to said purchasers, as shown by the orders, and that he had no agreement with the alleged purchasers for them to obtain the merchandise on consignment. Assuming the admissibility of such testimony, such evidence discloses that there was an issue of fact as to whether the merchandise was actually sold to said alleged purchasers. But, disregarding the testimony as to what the purchasers and salesman told Horton, fact issues were raised. Appellant's coun-

ter affidavits pointed out that the affidavits of the alleged purchasers were contradicted by their written purchase orders which they signed. In the affidavits of the alleged purchasers they say that the sale was represented by the salesman to be on a consignment basis and that after the merchandise was delivered they were told that Davis was not authorized to sell on consignment. The affidavit that Davis represented that the merchandise would be delivered on consignment, does not purport to quote Davis and states a conclusion. The statement that they were told that Davis was not authorized to send the merchandise on consignment was hearsay.

■■■ The burden was upon appellees to conclusively establish that their salesman was guilty of fraud, that they were damaged thereby and the amount thereof. There were issues of fact as to whether Davis committed a fraud, whether appellees were damaged thereby and the amount of damages.

■■■ Texas Rule of Civil Procedure 166-A requires that affidavits supporting a motion for summary judgment be made on personal knowledge and state facts which would be admissible on a trial of the case. The affidavits must contain statements of fact which the affiant knows and is able to substantiate on a trial. They must show affirmatively that the affiants are competent to testify to the matters stated therein. Hearsay statements and conclusions of law may not be considered. On the hearing of a motion for a summary judgment the court must determine whether there is any issue of fact to be tried. The court cannot weigh the evidence, determine the credibility of the witnesses and try the case on affidavits. All doubts as to the existence of a genuine issue as to a material fact must be decided against the party moving for a summary judgment. The court must accept as true all evidence of the party opposing such a motion which tends to support his contention and must give him the benefit of every reasonable inference which may be drawn

therefrom. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Box v. Bates (Sup. Ct.), 346 S.W.2d 317.

We overrule appellant's fifth point in which it contends that a fact issue was raised as to whether Davis was an employee.

The judgment is reversed and the cause is remanded.