**STRICKLER v. INTERNATIONAL HARVESTER CO. et al.**

No. 2226.

Court of Civil Appeals of Texas. Waco.

May 16, 1940.

Rehearing Denied June 27, 1940.

**990**

Barney A. Garrett and E. Doyle Garrett, both of Waco, for plaintiff in error.

Cecil R. Glass, of Marlin, and Hubard T. Bowyer, of Dallas, for defendants in error.

TIREY, Justice.

Ben Strickler, plaintiff, instituted this suit in the district court of Falls county against J. R. Taylor Company and International Harvester Company to cancel a promissory note and chattel mortgage executed and delivered by him to J. R. Taylor Company as part payment for secondhand tractor and tractor equipment, or, in the alternative, to recover damages resulting from fraudulent representations made to him by J. R. Taylor Company for itself and as agent for International Harvester Company that induced him to execute the note and mortgage in question. The International Harvester Company, in its original answer and cross-action, asked for judgment on the note and for foreclosure of its chattel mortgage lien. The case was tried before a jury and at the conclusion of the evidence, the trial court instructed the jury to return a verdict in favor of defendants, International Harvester Company and J. R. Taylor Company, and further instructed the jury to return a verdict in favor of International Harvester Company on its cross-action against plaintiff, Ben Strickler, for the amount of the principal, interest and attorney's fees on the note in suit. This action of the court is assigned as error.

Plaintiff alleged, in substance, that International Harvester Company was engaged in the manufacture, sale and distribution of farm implements, and that it transacted business in Texas through distributors or agents, and that J. R. Taylor Company was a distributor and agent of said International Harvester Company in the transaction herein complained of; and that J. R. Taylor, as such agent, through false and fraudulent representations which plaintiff believed, relied on, and on which he acted, on October 10, 1936, sold to plaintiff certain secondhand farm equipment at a purchase price of $950, $150 paid in cash and the delivery by plaintiff of four mules at an agreed valuation of $400, leaving a balance owing on the purchase price which was evidenced by the note in suit. Plaintiff's allegations of fraud were sufficient to relieve him of liability on the note to J. R. Taylor Company, and, in the alternative, for damages, if found to be true, and his allegations that J. R. Taylor was acting as the agent of the International Harvester Company were sufficient to relieve him of liability to International Company, if true.

Upon the trial of the case, plaintiff offered testimony with reference to certain representations and statements made to him by J. R. Taylor, president of J. R. Taylor Company, inducing him to make the purchase in question; that Taylor told witness that he did not have a secondhand tractor and equipment reconditioned as plaintiff desired, but that he would pick up one in a few days and overhaul and recondition same for the plaintiff; that on October 7, 1936, Taylor told plaintiff that he had secured and had for sale a tractor and equipment at Lott which had been thoroughly overhauled and reconditioned, with all badly worn, used and damaged parts replaced with new parts, and that said tractor and equipment was in first-class condition and practically as good as new, said tractor being the same number as the one in suit; that plaintiff knew J. R. Taylor and believed the statements and representations to be true, and relied on same, and that he did not know that the representations and statements made by Taylor to him concerning the tractor and equipment were not true, and the said misrepresentations of the witness were made to him to induce him to purchase the equipment in question. We think such testimony, if true, would support plaintiff's allegations of fraud in his amended pleadings. The trial court refused to allow plaintiff to adduce said testimony, and plaintiff properly perfected his bill of exception. Plaintiff further offered to prove by Ed Phillips, who was in the employ of J. R. Taylor Company, that he knew about the sale of the tractor by J. R. Taylor Company to plaintiff, and that J. R. Taylor instructed him to go to its warehouse at Lott and get a tractor that had been overhauled and bring it in to be delivered to plaintiff; that when he went to the warehouse at Lott to get the tractor the mechanic in charge of overhauling the tractors for J. R. Taylor Company advised him that the tractor had not been overhauled and was not ready for delivery; that he then

called J. R. Taylor of said company over the telephone and advised Taylor that the tractor had not been overhauled and was not ready; that some days later J. R. Taylor ordered the witness to again take the truck and get the tractor and equipment from Lott for plaintiff, and that when he arrived at Lott the mechanic in charge again advised him that the tractor had not been overhauled and that nothing had been done to the tractor, and that it was not ready for delivery; that he again advised J. R. Taylor of the conversation that he had had with the mechanic, and that Taylor then ordered him to load the tractor and bring it on in for delivery, and that the tractor and equipment was placed on his truck and that it was carried by him to Marlin and it was delivered to plaintiff without being overhauled. The court refused to permit this testimony to go to the jury on the ground that it was an attempt to vary the terms of a written contract by parol testimony and plaintiff properly preserved his bill of exception to such action. The exclusion of the testimony offered by each of the witnesses has been assigned as error. We think this assignment of plaintiff in error must be sustained. It is true that Strickler executed an order for secondhand goods to J. R. Taylor Company, a dealer, under date of October 2, 1936, which order, among other things, provided: "I hereby order of you without warranty of any character on your part the following goods: * * *." It appears that the note in suit was dated October 6, 1936, and that the chattel mortgage was executed by Strickler on October 7, 1936. The number of the tractor was not given in the order for secondhand goods, but it was set out in the note. We think such facts definitely support plaintiff in error's theory of the case that J. R. Taylor Company did not have on hand (at the time the order was given) the equipment sold and delivered to plaintiff. The rule seems to be well settled that whenever a contract has been obtained by false and fraudulent representations which induced the party to make the same, it may be avoided by the party thus defrauded. In other words, the proffered testimony comes under the exception that parol evidence is admissible to establish that a written instrument is vitiated or rendered voidable by fraud. Edward Thompson Co. v. Sawyers, 111 Tex. 374, 234 S.W. 873; J. B.

Colt Co. v. Wheeler, Tex.Civ.App., 12 S.W.2d 1102, writ dismissed, Tex.Com. App., 23 S.W.2d 299; McCaskey Cash Register Co. v. Krause, Tex.Civ.App., 31 S.W.2d 858.

The International Harvester Company contends that the evidence offered by plaintiff was insufficient to raise an issue of agency of J. R. Taylor Company for International Harvester Company of the sale of the machinery in question, and that said testimony as to it was an attempt to vary the terms of a written instrument and was properly excluded. This question has given us some concern. We have carefully examined the evidence and the original instruments that were sent up with the statement of facts. It appears that the order blank in question, the note and the chattel mortgage in suit were on forms prepared by the International Harvester Company. It also appears that the equipment in question was manufactured by the International Harvester Company; that the note was payable at Dallas, Dallas county, Texas, where the Texas office of the International Harvester Company was located; that J. R. Taylor was interested in the International Harvester Company at Dallas, Texas, the holder of the note in suit; that J. R. Taylor's present office and place of business is in Marlin, Falls county, Texas, and that his notes are payable at Marlin, Falls county, Texas. It further appears that J. R. Taylor Company had in its possession a stamp impressed with the name "International Harvester Company," and that this stamp was used in the assignment of the mortgage and note from J. R. Taylor Company to International Harvester Company. It is true that J. R. Taylor testified that he was not the agent of International Harvester Company and that he bought machinery from them outright and sold it to his customers on such terms as he desired and that the equipment in question belonged to him and that in making the sale he was acting solely for J. R. Taylor Company. Does the foregoing testimony raise a fact issue of agency of J. R. Taylor Company for International Harvester Company? In determining this matter on directed verdict, we can only consider the evidence tending to support the material allegations in the plaintiff's pleading, wholly disregarding that which is opposed to it or contradictory in its

992.

nature. Anchor v. Gose, Tex.Civ.App., 8 S.W.2d 690; Wininger v. Ft. Worth & D. C. R. Co., 105 Tex. 56, 143 S.W. 1150. We have carefully considered this matter, and we think that since this case will have to be reversed as to J. R. Taylor Company and since the facts and circumstances relating to the agency of J. R. Taylor Company are dependent upon a full development of the case in its entirety and because we feel that the case has not been fully developed, we have decided that this cause must be reversed as to all parties in order that the trial court may be able to give to plaintiff in error the full measure of such relief as he may be able to show himself entitled. Hamilton v. Prescott, 73 Tex. 565, 11 S.W. 548; Wimple v. Patterson, Tex. Civ.App., 117 S.W. 1034, point page 1037; American Indemnity Co. v. Martin, 126 Tex. 73, 84 S.W.2d 697, point 2, page 698.

For the reasons above given, this cause is reversed as to all parties, and this cause is remanded for a new trial.