UHRSTADT *v.* SAUER COOPERAGE CO.

1. NEW TRIAL—DISCRETION OF COURT—EXTENSION OF TIME.
   Granting a motion for a new trial was not error notwithstanding the motion was made more than 20 days after entry of judgment and without an extension of time having been granted since it was within the discretion of the trial court to grant an extension of time and where the motion was heard and disposed of on its merits it should be considered as having in effect extended the time for making the motion (Court Rule No. 47 [1933]).

2. SAME—MOTION SUA SPONTE.
   A court has power to grant a new trial on its own motion.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—OBJECTION TO MOTION FOR NEW TRIAL.
   Objection that motion for new trial was belatedly made, not raised at time of hearing on the motion, comes too late when made for first time on appeal.

4. NEW TRIAL—DISCRETION OF COURT—JOINT TORTFEASORS.
   Order granting a new trial to only one of two defendant tortfeasors *held,* not to have constituted such an abuse of discretion under the circumstances as to justify setting the order aside.

5. SAME—JOINT TORTFEASORS—COMMON LAW—MODERN RULE.
   While at common law a new trial could not be granted as to one of several joint tortfeasors without granting a new trial as to other codefendants because the judgment was regarded as an entity to be affirmed or reversed as to all or none, the modern rule, adopted as a matter of case law, generally permits the granting of a new trial to one or more of several defendants and not a new trial as to the others where such action does not work obvious injustice.

6. JUDGMENT—JOINT TORTFEASORS—DISMISSAL.

> In an action against several tortfeasors it is permissible to dismiss the action against one or more and enter judgment against the remainder (3 Comp. Laws 1929, §§ 14023, 14517).

7. NEW TRIAL—INTERRELATION OF JOINT TORTFEASORS—THREE-CAR COLLISION.

> In action by passenger of automobile that collided with truck which had stopped on inside lane alongside car in outside lane of four-lane highway and was in turn crashed into by second tortfeasor's car, there was not such an interrelation between defendant tortfeasors as to require the granting of a new trial to both when granted to defendant truck owner.

8. SAME—JOINT TORTFEASORS—STATUTES—CONTRIBUTIONS.

> The statute pertaining to contribution among tortfeasors has not changed the generally applicable rule that where two or more are defendants in the same action a new trial may be granted to one or more and denied to the remainder (Act No. 303, Pub. Acts 1941).

9. STATUTES—PRESUMPTIONS—JOINT TORTFEASORS—CONTRIBUTIONS— PRACTICE AS TO NEW TRIAL AS TO SOME DEFENDANTS.

> In enacting statute relative to contributions among tortfeasors, it must be presumed that, had the legislature intended to change the well-established practice in the courts of this State relative to granting a new trial as to some tortfeasors and not all, it would have done so by appropriate enactment (Act No. 303, Pub. Acts 1941).

10. DAMAGES—FACIAL DISFIGUREMENT—HEADACHES—HEAD AND LEG INJURIES.

> Verdict of $8,500 to 21-year-old woman with expectancy of 41.53 years *held,* not so excessive as to require disturbance on appeal where her face was considerably disfigured with scars, she still had severe headaches at time of trial some two years after the accident, had been hospitalized for three weeks and in bed at home thereafter and had suffered injuries to forehead, nose, head and left leg.

11. COSTS—NEW TRIAL—JOINT TORTFEASORS.

> In action against two tortfeasors wherein one had been granted a new trial and other has appealed, costs are awarded to plaintiff and the defendant-appellee against defendant-appellant upon affirmance of the judgment against appellant and order granting new trial as to defendant-appellee.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted April 4, 1944. (Docket No. 14, Calendar No. 42,621.)  Decided June 5, 1944.

Case by Florence Cereski Uhrstadt against Sauer Cooperage Company, a foreign corporation, and Forest B. Hamilton for personal injuries sustained in an automobile accident. Verdict and judgment for plaintiff. New trial granted as to Sauer Cooperage Company. Defendant Hamilton appeals. Affirmed.

*Elmer H. Groefsema,* for plaintiff.

*Leo J. Carrigan,* for defendant Sauer Cooperage Company.

*Alexander, McCaslin, Cholette & Buchanan,* for defendant Hamilton.

NORTH, C. J.   On January 25, 1941, plaintiff was riding as a passenger in an automobile proceeding southerly on Telegraph road, a four-lane highway, near Monroe, Michigan. Except as to the claim that the amount of damages adjudged was excessive, the questions presented on this appeal are procedural, and hence details of the accident need not be stated. It is sufficient to say that a truck belonging to defendant Sauer Cooperage Company was passing, or, as plaintiff claims, suddenly stopped along side of, an automobile parked in the outermost southbound traffic lane, and the car in which plaintiff was riding ran into the rear end of the truck. Almost simultaneously the automobile of defendant Hamilton crashed into the rear end of the car in which plaintiff was riding and plaintiff was injured.

Plaintiff brought this suit against the Sauer Cooperage Company and Hamilton as codefendants, plaintiff claiming they were joint tortfeasors. Upon trial by jury a verdict of $8,500 was rendered against the two defendants, and judgment entered thereon. Each of the defendants made a motion for a new trial. The motion of the Cooperage Company was granted, and the motion of defendant Hamilton was denied. The case is before us on the appeal of defendant Hamilton.

We first consider the claim that the trial judge in granting the Cooperage Company's motion for a new trial committed error for the reason that this motion was not made until more than 20 days after the entry of judgment and without an extension of time having been granted. See Court Rule No. 47 (1933). There is no merit to this contention. Clearly it was within the discretion of the trial court to grant an extension of time; and since the court heard and disposed of the motion on its merits, it should be considered that the court in effect extended the time for making the motion. The court had the power to grant a new trial of its own motion. *General Necessities Corp.* v. *Wayne Circuit Judge,* 214 Mich. 138. Neither plaintiff nor defendant Hamilton objected to the Cooperage Company's motion for a new trial at the time of its hearing on the ground that it was belatedly made. It is now too late to make such objection for the first time.

After this record on appeal was settled, plaintiff petitioned for leave to appeal from the circuit judge's order granting a new trial to the Cooperage Company, urging error in that particular on the ground above considered and also that under the circumstances of the instant case granting the motion was an abuse of discretion. We have considered the various reasons assigned by plaintiff,

but do not find in them justification for setting aside the order granting a new trial to the Cooperage Company.

A more important question presented by appellant is stated in his brief as follows:

"In the event of trial resulting in judgment against joint tortfeasors, may the court grant a new trial as to one tortfeasor permitting the judgment to stand against the other tortfeasor?"

Appellant asserts that because of the recent passage of the so-called contribution statute (Act No. 303, Pub. Acts 1941 [Comp. Laws Supp. 1943, § 14497a *et seq.*, Stat. Ann. 1943 Cum. Supp. § 27.1683 (1) *et seq.*]) hereinafter quoted in part, error was committed in granting a new trial to one of two joint tortfeasors and denying a new trial to the codefendant. At common law a new trial could not be granted to one of several joint tortfeasors without granting a new trial to other codefendants because the judgment was regarded as an entirety which must be affirmed or reversed as to all or none. *Burton* v. *Roberson,* 139 Tex. 562 (164 S. W. [2d] 524, 143 A. L. R. 1), and annotation 143 A. L. R. 7. But this rule has been changed and the modern rule generally followed, although not universally, is that a new trial in a tort action may be granted as to one of several defendants and not granted as to others; and a case may be dismissed as to one or more of such defendants and judgment entered against the remaining codefendants. In some jurisdictions this change in the rule of law has been accomplished by statutory enactments. In Michigan the modern rule has been adopted as a matter of case law. *Bowerman* v. *Detroit Free Press,* 287 Mich. 443 (120 A. L. R. 1230). However, it should be noted that in this jurisdiction there are pertinent statutory provisions.

"It shall be lawful for any plaintiff to include in one action as defendants, all or any of the parties who may be severally, or jointly and severally liable, and to proceed to judgment and execution according to the liability of the parties." 3 Comp. Laws 1929, § 14023 (Stat. Ann. § 27.667).

"In any action against two or more defendants, judgment may be rendered for the plaintiff against some one or more of the defendants." 3 Comp. Laws 1929, § 14517 (Stat. Ann. § 27.1443).

In *Moreland* v. *Durocher*, 121 Mich. 398, the plaintiff joined in a tort action two parties as principal defendants. After judgment each of these defendants moved for a new trial in his own behalf; and the trial court granted the motion as to one but denied it as to the other. On appeal this holding was affirmed, and incident thereto Justice Montgomery said:

"The question of most importance arises out of the action of the court in granting a new trial as to a portion of the defendants, and allowing the judgment to stand as to the remainder. It is contended by the defendants that the effect of this order was to vacate the judgment as to all, and that upon the recovery of verdict and judgment against several defendants, whether in an action of tort or upon contract, a new trial cannot be granted as to a portion of the defendants only. Authorities are not wanting to sustain this contention, but the modern authorities sustain the ruling of the circuit judge. * * * In this case the plaintiff might have proceeded against the defendants as to whom the judgment now stands, or she might have discontinued the case as to their co-defendants at any stage of the proceedings. It is not easy to perceive, therefore, where the action is thus severable as well as joint, and where the right exists to proceed against a portion or all of the defendants, why the plaintiff should be compelled to lose her judgment against a

portion because it appears that the others are entitled to a new trial.''

See, also, *Robinson* v. *Railroad Co.,* 135 Mich. 254 (15 Am. Neg. Rep. 341). While we deem the holdings just above noted applicable to and controlling of the instant case, it should be noted that because of peculiar circumstances touching the relation to each other of the respective tortfeasors, a case might arise in which the noted rule would not be applied because doing so would work obvious injustice. *Strickler* v. *International Harvester Co.* (Tex. Civ. App.), 141 S. W. (2d) 989. But we find no such interrelation or other controlling circumstances which render the general rule inapplicable to the instant case. In Federal practice a new trial may be granted to one defendant and denied to another unless there is a relation between the joint tortfeasors which would cause injustice to result from granting a new trial to one and denying it to another of the codefendants. *Dollar S.S. Lines, Inc.,* v. *Merz* (C. C. A.), 68 Fed. (2d) 594, citing *Pennsylvania Railroad Co.* v. *Jones,* 155 U. S. 333 (15 Sup. Ct. 136, 39 L. Ed. 176).

We are not in accord with the claim of defendant Hamilton that the recently enacted contribution statute, Act No. 303, Pub. Acts 1941 (Comp. Laws Supp. 1943, § 14497a, Stat. Ann. 1943 Cum. Supp. § 27.1683 [1]), changes the Michigan rule. The pertinent portion of this statute reads as follows:

''Whenever a money judgment has been recovered jointly against 2 or more defendants in an action for bodily injury or death resulting therefrom, or property damage, and such judgment *has been paid in part or in full by 1 or more of such defendants,* each defendant who has paid more than his own pro rata share shall be entitled to contribution with respect to the excess so paid over and above the pro rata

share of the defendant or defendants making such payment: Provided, however, that no defendant shall be compelled to pay to any other such defendant an amount greater than his pro rata share of the entire judgment.''

It must be presumed that had the legislature intended to change the well-established practice in the courts of this State in the particular under consideration it would have done so by an appropriate enactment. Since such a change has not been accomplished, we adhere to the former rulings of this Court above noted.

The remaining issue on this appeal is presented by defendant Hamilton who claims that the verdict and judgment against him in the amount of $8,500 is excessive, and that in event a new trial is not granted on grounds hereinbefore considered, the judgment of $8,500 should be reduced or a new trial granted. The record discloses that the impact of the Hamilton car colliding with the rear of plaintiff's car caused her to be thrown against and through the windshield. Her face was badly cut, leaving disfiguring scars, which at least to some extent are permanent in character according to testimony given. At the trial, which occurred more than two years after the accident, the character and extent of the scars on plaintiff's face were pointed out and closely observed by the jury during the testimony of a doctor who on the eve of the trial had examined the condition of plaintiff's face. One of the scars, about a quarter of an inch in width and eight inches long, extended from plaintiff's forehead down through the eyebrow to the upper right eyelid and back to the temple region. Several other scars on plaintiff's face were pointed out to the jury while the doctor was testifying; and concerning one he said: ''She has a scar through the right lower eyelid which

turns the inside of the eyelid outward. \* \* \*
It is permanent.'' A scar on the right side of
plaintiff's nose ''went right through the full thick-
ness of the nose, and through part of septum.''
Plaintiff testified that she was unconscious as a re-
sult of this accident, that she was in the hospital for
about three weeks and then went to the home of her
people where she was in bed. She further testified:

''During the time I was in the hospital I suffered
pain and suffering with my head. I had injuries on
my forehead, nose, head and left leg. There was a
hole in my left leg at that time. \* \* \* The in-
jury to my face took over 100 stitches. \* \* \* I
have severe headaches. They occur about once in
two weeks, sometimes oftener. I still have difficulty
that way. I am conscious of the scars on my face.
\* · \* \*

''*Q.* Does it embarrass you some all the time?
''*A.* Yes.''

Plaintiff's expectancy was shown to be 41.53 years
at her age of 21. Obviously she must go through life
with facial disfigurements of the character indi-
cated. Her personal appearance before the jury
was much more indicative than anything that can be
included in a printed record of the amount of dam-
ages which would constitute just compensation.
From the record as a whole we cannot say that the
amount of the verdict and judgment was excessive
to the extent that it should be disturbed on this ap-
peal.

The orders of the circuit judge made incident to
the motions for new trials and the judgment for
plaintiff against defendant Hamilton are affirmed.
Each of the other parties will have costs of this
Court against appellant.

STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES,
and REID, JJ., concurred.